# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **PREMA ENGINEERING S.R.L,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **No. 1:25-cv-00602-ADA-SH** |
| **AUTOMOBILI LAMBORGHINI S.P.A** | § | |
| **and AUTOMOBILI LAMBORGHINI** | § | |
| **AMERICA, LLC,** | § | |
| *Defendants* | § | |

## ORDER

Now before the Court are Defendants' Opposed Motions to Compel:

- Full and Complete Responses to Interrogatory Nos. 1-7, filed March 3, 2026 (Dkt. 68) and

- Plaintiffs to Collect Documents, Electronically Stored Information, and Tangible Things in Its Possession, Custody, or Control, filed March 31, 2026 (Dkt. 74);

the associated response and reply briefs; and the Joint Advisory Regarding Pending Discovery Disputes, filed by order of the Court on May 14, 2026 (Dkt. 81).[1] The Court held a hearing on the motions at which the parties appeared through counsel on May 19, 2026, and now enters this Order confirming the rulings made from the bench.

### I.    Background

Plaintiff Prema Engineering S.r.l. brings this trade secret misappropriation suit against Defendants Automobili Lamborghini S.p.A. and its United States-based subsidiary Automobili Lamborghini America, LLC (together, "Lamborghini"). Prema asserts claims for (1) misappropriation of trade secrets under the Defend Trade Secrets Act, 18 U.S.C. § 1831 et seq.;

---

[1] The District Court referred to this Magistrate Judge all non-dispositive pretrial matters for disposition and all case-dispositive motions for findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and Judge Alan D Albright's Standing Order on referrals to United States Magistrate Judges. Dkt. 8.

(2) intentional access of a computer without authorization or in excess of authorized access under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(e); (3) copyright infringement under 17 U.S.C. § 101 et seq.; (4) misappropriation of trade secrets under the Texas Uniform Trade Secrets Act, TEX. CIV. PRAC. & REM. Code § 134A.002; and (5) intentional access of a computer without authorization or in excess of authorized access under the Texas Harmful Access by Computer Act, TEX. CIV. PRAC. & REM. Code § 143.001(a). Complaint, Dkt. 1.

## II.    Interrogatory Responses

Lamborghini asks the Court to compel responses to all seven of its interrogatories.

## A.  Trade Secret Identification

First, Lamborghini argues that Prema must identify its five allegedly misappropriated trade secrets in greater detail. The Court agrees.

### Interrogatory No. 1

For each asserted Trade Secret . . . explain:

(a) The identity of each such Trade Secret, with sufficient specificity that a person other than You could positively identify the Trade Secret, including the Bates numbers of any embodiment of the trade secret in Your production and the Bates numbers of any documents in Your production that embody or describe the Trade Secret . . . .

### Response

**Trade Secret 1**: The Prema Setup with filename [redacted] the LMDh Steering Wheel Setup developed for and from testing at COTA carried out on July 27, 2024.

**Trade Secret 2**: Prema's LMDh steering wheel Setup [filename redacted] that Prema Engineering developed for tests of the LMDh vehicles carried out on October 17, 2024, at Paul Ricard Circuit in Le Castellet, France.

**Trade Secret 3**: Prema's LMDh steering wheel Setup [filename redacted] that Prema developed for use during free practice sessions that took place on November 1, 2024 at the Bahrain International Circuit in Sakhir, Bahrain during the weekend of the 8 Hours of Bahrain WEC race event.

**Trade Secret 4**: Prema's LMDh steering wheel Setup [filename redacted] that Prema modified following the free practice sessions that took place on November 1, 2024

at the Bahrain International Circuit in Sakhir, Bahrain during testing at Bahrain International Circuit on November 5, 2024.

**Trade Secret 5**: Prema's LMDh steering wheel Setup [filename redacted] that Prema Engineering developed for tests of the LMDh vehicles carried out on November 15, 2024 through November 16, 2024, at Daytona International Speedway in Daytona Beach, Florida.

Plaintiff's Supplemental Response to Defendants' Interrogatory No. 1, Dkt. 70-3 at 5, 30.

Prema's alleged trade secrets are central to their claims and indisputably relevant under Rule 26(b)(1). *United Servs. Auto. Ass'n v. Mitek Sys., Inc.*, 289 F.R.D. 244, 246 (W.D. Tex. 2013), *aff'd*, No. SA-12-CA-282-FB, 2013 WL 1867414 (W.D. Tex. Apr. 24, 2013). But its interrogatory responses "only reveal the end results of, or functions performed by, the claimed trade secrets." *StoneEagle Servs., Inc. v. Valentine*, No. 3:12-cv-1687-P, 2013 WL 9554563, at *4 (N.D. Tex. June 5, 2013). Even before discovery commences, at the motion to dismiss stage:

> Courts have required plaintiffs to describe the subject matter of the asserted trade secret in enough detail to separate it from matters of general knowledge in the trade or of special persons who are skilled in the trade and to permit the defendant to ascertain at least the boundaries within which the secret lies.

*Mastronardi Produce Ltd. v. NS Brands Ltd.*, No. SA-25-CV-00407-FB-ESC, 2025 WL 3771438, at *4 (W.D. Tex. Aug. 28, 2025), *R. & R. adopted*, No. SA-25-CV-407-FB, 2025 WL 3083023 (W.D. Tex. Nov. 4, 2025) (cleaned up). Prema's trade secret identifications are insufficiently specific to proceed. *DeWolff, Boberg & Assocs. Inc. v. Pethick*, 133 F.4th 448, 452 (5th Cir. 2025); *SAS Inst., Inc. v. World Programming Ltd.*, 64 F.4th 1319, 1332 n.8 (Fed. Cir. 2023).

The Court **GRANTS IN PART** the motion to compel and **ORDERS** Prema to serve on Lamborghini an amended answer to Interrogatory No. 1 identifying with reasonable particularity what specific information encompassed by the five identified steering wheel setups constitute trade secrets by **June 22, 2026**.

3

## B. Numerosity

Rule 33(a)(1) provides: "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Interrogatory No. 1 includes nine subparts denominated (a) through (i). Prema served a response to each subpart for each of its five asserted trade secrets, which it tallies as forty-five interrogatory responses. Prema declines to respond to Lamborghini's Interrogatories No. 2 through 7 – most also with multiple subparts – as exceeding the Rule 33 limit, among other objections.

This Court has applied the related question approach to determine whether a single interrogatory comprises multiple discrete subparts. *E.g.*, *C&M Oilfield Rentals, LLC v. Apollo Lighting Sols. Inc.*, No. 6:21-CV-00544-ADA, 2022 WL 2223069, at *2 (W.D. Tex. June 21, 2022). The related question analysis is detailed in *Superior Sales W., Inc. v. Gonzalez*, 335 F.R.D. 98 (W.D. Tex. 2020):

> One articulation of the inquiry is that where one interrogatory can be separated into multiple questions, subparts that are logically or factually subsumed within and necessarily related to the primary question should not be treated as separate interrogatories. But, where the first question can be answered fully and completely without answering the second question, then the second question is totally independent of the first and not factually subsumed within it. The test cannot reliably be captured by a verbal formula, and depends upon a case-by-case assessment.

*Id.* at 104 (cleaned up).

In its entirety, Interrogatory No. 1 asks:

### Interrogatory No. 1

For each asserted Trade Secret (including any unenumerated, actionable trade secret not otherwise enumerated in Complaint Para. 87, 129 or 157) explain:

(a) The identity of each such Trade Secret, with sufficient specificity that a person other than You could positively identify the Trade Secret, including the Bates numbers of any embodiment of the trade secret in Your production and the Bates numbers of any documents in Your production that embody or describe the Trade Secret;

4

(b) The date and circumstances that each such Trade Secret was first created or acquired by You and the inventor(s)/creator(s) of same, and the Bates numbers of any document reflecting same;

(c) The measures You took to maintain secrecy for each such Trade Secret, along with the dates and circumstances of such measures, and the Bates numbers of any document reflecting same;

(d) The value of each such Trade Secret, and how the Trade Secret derives value from not being generally known;

(e) Your witnesses with knowledge of each such Trade Secret;

(f) The current and former locations of each such Trade Secret (including all computers, serves, or storage devices on which they reside or resided);

(g) All persons or entities to whom You provided access to any portion of same, including the dates and circumstances of such access;

(h) The date(s) and circumstance(s) when any such Trade Secret was made public, and by whom, and the Bates numbers of any document reflecting the same; and

(i) Identification of all persons with knowledge of the facts, contentions, or information provided in response to this interrogatory.

Applying the related question test articulated in *Superior Sales*, 335 F.R.D. at 104, the Court finds that each of these nine subparts is an independent question. Each subpart "can be answered fully and completely" without answering another, and none is factually subsumed by another. *Id.* Because the forty-five interrogatory responses Prema provided exceed the limit of Rule 33(a)(1), Lamborghini's motion to compel is **DENIED** as to Interrogatories No. 2 through 7.

### III.    Document Production from Third Parties

Finally, Lamborghini asks the Court to compel Prema to produce documents responsive to its 133 requests for production from non-parties Prema Holding S.r.l., DC Racing Solutions SA ("DCRS"), and Iron Lynx S.r.l. The party seeking discovery has the burden to demonstrate the requested documents are in the possession, custody, or control of the responding party. *Smith W. Tex. Props., Ltd. v. Allied Prop. & Cas. Ins. Co.*, No. MO:18-CV-137-DC, 2020 WL 6373470, at *3 (W.D. Tex. Aug. 20, 2020).

Prema agreed to produce certain agreements between it, DCRS, and Iron Lynx, and to request all correspondence among them. Dkt. 75 at 12 n.4; Mesropyan Decl. ¶ 8, Dkt. 75-1 at 2. Prema also agreed to accept service of subpoenas on Prema Holding, DCRS, and Iron Lynx, contending that proceeding by subpoena "would be helpful because the Non-Parties are not controlled by Prema and are separate European entities subject to the EU's General Data Protection Regulation ('GDPR')." Dkt. 75 at 5. But Prema argues that Lamborghini has not met its burden to show that documents from the non-parties – "separate legal entities, with separate boards and officers, who maintain their documents separately," Dkt. 81 at 10 – are within its possession, custody, or control, as required under Rule 34(a)(1). Prema offers testimony that it

> has no practical ability or legal right to obtain documents from Prema Holding, Iron Lynx, or DCRS, because it lacks administrative access, shared repositories, and authority to require collection from those entities. The entities do not share a unified document environment, do not operate as an integrated enterprise for IT or records purposes, and Prema cannot access non-party repositories as if they were its own.

Mesropyan Decl. ¶ 17, Dkt. 75-1 at 4. Prema also contends that Lamborghini's motion to compel is premature because it has neither served discovery on the non-parties nor shown that any specific relevant documents can be obtained only from those entities rather than Prema.

"Rule 34's definition of possession, custody, or control, includes more than actual possession or control of documents; it also contemplates a party's legal right or practical ability to obtain documents from a non-party to the action." *Mobile Med Work Health Sols., Inc. v. Moore*, No. 1:24-CV-1219-RP, 2024 WL 5159914, at *4 (W.D. Tex. Dec. 12, 2024) (quoting *Duarte v. St. Paul Fire & Marine Ins. Co.*, No. EP-14-CV-305-KC, 2015 WL 7709433, at *5 (W.D. Tex. Sept. 25, 2015)). To establish control over documents in the possession of a non-party, a movant typically must show that "there is a relationship, either because of some affiliation, employment

or statute, such that a party is able to command release of certain documents by the non-party person or entity in actual possession." *Duarte*, 2015 WL 7709433, at *5 (citation omitted).

Although Lamborghini submits evidence of relationships between Prema and the non-parties from which it seeks discovery, the Court finds that it has not carried its burden to show that Prema controls the documents it seeks. The Court **DENIES** the motion to compel without prejudice to refiling, including but not limited to for any categories of documents specific to DCRS, Iron Lynx, or Prema Holding that are not included in Prema's custodial document production. Dkt. 81 at 10.

## IV.    Conclusion

The Court **GRANTS in part and DENIES in part** Defendants' Opposed Motion to Compel Full and Complete Responses to Interrogatory Nos. 1-7 (Dkt. 68). As detailed above, the Court **ORDERS** Prema to serve on Lamborghini an amended answer to Interrogatory No. 1 identifying with reasonable particularity what specific information encompassed by the five identified steering wheel setups constitute trade secrets by **June 22, 2026** and **DENIES** all other relief.

The Court **DENIES without prejudice** Defendants' Opposed Motion to Compel Plaintiffs to Collect Documents, Electronically Stored Information, and Tangible Things in Its Possession, Custody, or Control (Dkt. 74).

**SIGNED** on May 19, 2026.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE